**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MATHEW CARY WALLACK** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:13cv103-HSO-RHW** |
| | § | |
| **JACKSON COUNTY,** | § | |
| **MISSISSIPPI,** *et al.* | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANTS SHERIFF MIKE BYRD AND LT. CURTIS SPIERS'**
**[37] MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED**
**IMMUNITY; DISMISSING WITH PREJUDICE PLAINTIFF'S CLAIMS**
**AGAINST SHERIFF MIKE BYRD AND LT. CURTIS SPIERS IN THEIR**
**INDIVIDUAL CAPACITIES; AND FINDING MOOT DEFENDANTS**
**JACKSON COUNTY, MISSISSIPPI, SHERIFF MIKE BYRD, AND LT.**
**CURTIS SPIERS' [44] MOTION TO STRIKE**

BEFORE THE COURT are a Motion for Summary Judgment Based on

Qualified Immunity [37], filed by Defendants Sheriff Mike Byrd and Lt. Curtis

Spiers, and a Motion to Strike [44] filed by Defendants Jackson County, Mississippi,

Sheriff Mike Byrd, and Lt. Curtis Spiers.  These Motions are now fully briefed.

Having considered the Motions, related pleadings, the record, and relevant legal

authorities, the Court finds that Byrd and Spiers' Motion for Summary Judgment

Based on Qualified Immunity [37] should be granted, and Plaintiff's claims against

Byrd and Spiers in their individual capacities should be dismissed with prejudice.

Defendants Jackson County, Byrd, and Spiers' Motion to Strike [44] is rendered

moot.

## I.  BACKGROUND

A.  <u>Factual Background</u>

This action stems from an incident which occurred in the emergency room of Biloxi Regional Medical Center ["BRMC"] in Harrison County, Mississippi, on or about April 1, 2010.  Compl. [1] at 2.  Plaintiff Mathew Cary Wallack ["Plaintiff" or "Wallack"], a Board Certified Neurologist, was seeking medical attention at the BRMC emergency room when emergency room personnel discovered what they believed to be narcotic medication in Plaintiff's possession.  *Id*. at 4.  BRMC personnel called the Biloxi Police Department.  *Id*.  Plaintiff charges that the Biloxi Police Department then "wrongfully and without just cause arrested" Plaintiff.  *Id*. at 5.  Plaintiff contends that he possessed the necessary authorizations from the Drug Enforcement Administration ["DEA"] to possess and dispense certain narcotics and that he was then the owner and operator of Coastal Headache & Pain Management Center in Ocean Springs, Mississippi, in Jackson County.  Compl. [1] at 3.

Following Plaintiff's arrest by the Biloxi Police Department, on April 2, 2010, Agent Ted Gilbert of the Narcotics Task Force of Jackson County, Mississippi [the "Task Force"], sought and obtained a search warrant for Plaintiff's medical office in Ocean Springs.  Search Warrant [37-3] at 2–7; *see also* Aff. of Lt. Curtis Spiers [37-2] at 1–2.  Spiers was the commander of the Task Force at the time.  Aff. of Lt. Curtis Spiers [37-2] at 2.  Jackson County, Mississippi, County Court Judge Sharon Sigalas issued the search warrant.  Search Warrant [37-3] at 2–7.  Neither Spiers

nor Byrd was present for the issuance or execution of the search warrant.  Aff. of Sheriff Mike Byrd [37-1] at 1; Aff. of Lt. Curtis Spiers [37-2] at 2.  After the search began, Spiers states that he received a call from a member of the Task Force informing him what items were found.  Aff. of Lt. Curtis Spiers [37-2] at 2.  The Task Force member requested guidance, and based on the information provided, Spiers avers that he believed there was probable cause to seize the items covered by the search warrant.  *Id.*  Therefore, Spiers directed the Task Force member to seize those items.  *Id.*  According to Spiers, "[b]ecause of the items obtained pursuant to the search warrant executed on Wallack's office on or about April 2, 2010, the Task Force's investigation of Wallack continued for a period of two to three weeks."  *Id.*

The search warrant described the items for which the search was being conducted as:

> All Prescription medication in names other than Mathew C. Wallack, MD and all other items supporting drug possession and distribution to include U.S. Currency, weapons, drugs, paraphernalia, photo's [sic], tally sheets, weights, scales, packaging materials and documents.

Search Warrant [37-3] at 2.  It is unclear on the summary judgment record before the Court what items were ultimately seized from Plaintiff's office.  The inventory sheet referenced on the search warrant return is not part of the record.  *See id.* at 3.

Plaintiff asserts that Jackson County Sheriff Mike Byrd, Lt. Curtis Spiers, and other members of the Task Force targeted Plaintiff and his business and "vowed to put him out of business regardless of the cost and/or legitimacy of such action."  *Id.*  Plaintiff blames his arrest on Byrd and Spiers "prim[ing] the pump of deception and irreparably caus[ing] doubt to come upon the name and person of the

Plaintiff by disseminating false, incorrect and inaccurate information about [him] throughout the medical and law enforcement communities along the Mississippi Gulf Coast." *Id.*

Plaintiff claims that, following his arrest, Byrd and Spiers "continued to disseminate false, misleading, inaccurate and damning information that irreparably injured the person, profession, name, and reputation of [Plaintiff], ultimately causing him to surrender his medical license and to close his business." *Id.* at 5–6. Plaintiff complains of comments and accusations Spiers purportedly made in the local media. *Id.* According to Plaintiff, the charges lodged against him in state court were eventually dismissed with prejudice on April 23, 2012. *Id.* at 6.

B.   Procedural History

Plaintiff initiated this action by filing a Complaint [1] in this Court on April 1, 2013. Plaintiff named as Defendants Jackson County, Mississippi, by and through its Board of Supervisors ["Jackson County"]; Jackson County Sheriff's Department [the "Sheriff's Department"];[1] Byrd, officially and in his individual capacity; Spiers, officially and in his individual capacity; the Task Force, as an individual agency of the government of Jackson County, Mississippi and/or as an agent of Jackson County, Mississippi; other unknown John and Jane Does A-Z, also in their official and individual capacities of the Task Force; the City of Biloxi, Mississippi [the "City"]; other unknown John and Jane Does A-Z, also in their

---

[1]On November 5, 2013, the Court granted the Sheriff's Department's Motion to Dismiss [9], and dismissed Plaintiff's claims against the Sheriff's Department with prejudice. Order [43] at 4.

official and individual capacities as members of the Biloxi Police Department; and

BRMC.[2]  Compl. [1] at 1.

The Complaint advances claims against Byrd and Spiers for deprivation of

civil rights pursuant to 42 U.S.C. § 1983, conspiracy to interfere with civil rights

pursuant to 42 U.S.C. § 1985, and "neglect or failure to prevent conspiracy"

pursuant to 42 U.S.C. § 1986.  *Id.* at 11–16.  With respect to his § 1983 claim,

Plaintiff asserts that

> Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, individually and collectively, the Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, and plan or practice wherein the rights, privileges or immunities of the Plaintiff, Mathew Cary Wallack, were violated.  Specifically, based on the facts adopted herein and cited above the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Mr. Wallack's right to the equal protection of the laws of the United States of America and the right against unreasonable searches and seizures of his person, private and business premises without just, proper and lawful cause pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law and the right not to be deprived of property without just compensation pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and of his Sixth Amendment right to be free from unlawful prosecution and deprivation of liberty.

*Id.* at 11–12.  The Complaint seems to charge that Byrd and Spiers violated

Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the

---

[2]On March 17, 2014, the Court granted BRMC's Motion to Dismiss [18] pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed Plaintiff's claims against BRMC with prejudice.  Order [49] at 6.

United States Constitution.

The Complaint also levels a claim against Byrd for "negligent hiring, retention and failure to discipline or take necessary corrective action" based on Spiers' alleged conduct. *Id.* at 16. Plaintiff seeks injunctive relief, compensatory and punitive damages, attorneys' fees, costs, and expenses. *Id.* at 18–21. In their present Motion for Summary Judgment [37], Byrd and Spiers seek dismissal of all claims asserted against them in their individual capacities based upon the doctrine of qualified immunity.

## II.  DISCUSSION

A.  Jackson County, Byrd, and Spiers' Motion to Strike [44]

Defendants Jackson County, Byrd, and Spiers have filed a Motion asking the Court to strike Exhibits "A" and "B" to Plaintiff's Response [42] to Byrd and Spiers' Motion for Summary Judgment [37]. Exhibit "A" is an August 29, 2013, thirty-one count Indictment returned against Byrd in the Circuit Court of Jackson County, Mississippi. Exhibit "B" consists of a "Motion to Revoke Bond, Hold Defendant in Contempt, or in the Alternative, to Enforce Conditions of Bond" along with its supporting exhibits filed by the District Attorney in the State court criminal proceeding. The supporting exhibits include reports of Deputy Brad Lewis, Lt. Ken McClenic, and Spiers. Defendants argue that the Indictment and Motion constitute mere allegations which are completely irrelevant to the claims in this case. Defs.' Mot. to Strike [44] at 2–3. They likewise assert that the facts stated in the reports are unrelated to the facts in this case. *Id.* at 3.

Plaintiff responds that the exhibits, while prejudicial, are not "unfairly prejudicial" and demonstrate that Plaintiff's claims have merit. Pl.'s Resp. [48] at 3–4. Plaintiff maintains that the exhibits "corroborate that there was a conspiracy to violate the rights of people under their authority, such as Dr. Wallack, and demonstrate the custom, practice, policy, and procedure, albeit subsequent and regarding different facts, but by the same people." *Id.* at 4.

Even taking Exhibits "A" and "B" and the supporting exhibits into account, because the Court finds that Byrd and Spiers are entitled to qualified immunity in their individual capacities, the Court need not resolve Defendants' Motion to Strike [44]. The Motion to Strike [44] is therefore moot.

B.   Byrd and Spiers' Motion for Summary Judgment [37]

1.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[O]ne of the principle purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses . . . ." *Melton v. Teachers Ins. & Annuity Ass'n of Am.,* 114 F.3d

557, 559 n.1 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24

(1986)).

    2.   <u>Qualified Immunity Standard</u>

    The Fifth Circuit Court of Appeals has summarized the "clearly drawn bright

lines" and "rigorous background principles" of qualified immunity as follows:

> [E]valuating qualified immunity is a two-step process, and the burden is
> on the plaintiff to prove that a government official is not entitled to
> qualified immunity. First, we determine whether the plaintiff has alleged
> a violation of a clearly established constitutional or statutory right. A
> right is clearly established only if its contours are sufficiently clear that
> a reasonable official would understand that what he is doing violates that
> right. The applicable law that binds the conduct of officeholders must be
> clearly established at the time the allegedly actionable conduct occurs.
> If the first step is met (i.e. the official's conduct violates an established
> right), the second step is to determine whether the defendant's conduct
> was objectively unreasonable. Both steps in the qualified immunity
> analysis are questions of law.

*Wyatt v. Fletcher*, 718 F.3d 496, 502–03 (5th Cir. 2013) (emphasis in original)
(internal citations and quotations omitted).

Qualified immunity protects government officials from civil damages liability when

they reasonably could have believed that their conduct was not barred by law. *Id.*

at 503. Qualified immunity "is not denied unless existing precedent places the

constitutional question *beyond debate*." *Id.* (emphasis in original).

> When deciding whether the right allegedly violated was clearly
> established, the court asks whether the law so clearly and unambiguously
> prohibited the conduct that *every* reasonable official would understand
> that what he is doing violates the law. Answering in the affirmative
> requires the court to be able to point to controlling authority – or a robust
> consensus of persuasive authority – that defines the contours of the right
> in question with a high degree of particularity. This requirement
> establishes a high bar. When there is no controlling authority specifically
> prohibiting a defendant's conduct, the law is not clearly established for
> the purposes of defeating qualified immunity.

*Id.* (internal citations and quotations omitted).

It is well-settled that "there is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 425 (5th Cir. 2006) (citation omitted); *accord Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011)("a government official can be held liable only for his own misconduct.").  Thus a supervisory official like Byrd may be liable only if he (1) affirmatively participated in acts that caused a constitutional injury; (2) implemented unconstitutional policies that caused a constitutional injury; or (3) failed to supervise or train his subordinates if such failure caused a constitutional injury.  *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011); *Goodman v. Harris Cnty.,* 571 F.3d 388, 395 (5th Cir. 2009); *Rayne v. Henderson Cnty.,* 973 F.2d 386, 392 (5th Cir. 1992).

"In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Porter,* 659 F.3d at 446; *see also Gates v. Tex. Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 435 (5th Cir. 2008).  Deliberate indifference "is a stringent standard of fault, requiring proof that a [supervisory] actor disregarded a known or obvious consequence of his action." *Porter,* 659 F.3d at 446–47 (quotation omitted).  "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference, because without notice that a course of

training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 447 (quotation omitted).

> A supervisor may also be liable for failure to supervise or train if: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.

*Id.* at 446 (quotation omitted). A plaintiff can also demonstrate deliberate indifference in the failure to adopt a policy if "it is obvious that the likely consequence of not adopting a policy will be a deprivation of constitutional rights." (citation omitted). *Id.*

      3.    <u>Plaintiff's Fourth Amendment False Arrest Claim and Fifth and Fourteenth Amendment Equal Protection and Due Process Claims Against Byrd and Spiers Individually</u>

Plaintiff claims that "his Fourth and Fourteenth Amendment rights were violated when Defendants, Byrd and Spiers, manipulated the facts surrounding Mr. Wallack's Pain Management Medical Practice to create an inaccurate picture to procure a false arrest and unlawful search and seizure of his person and property." Pl.'s Resp. [42] at 5–6. Plaintiff charges that Byrd and Spiers' "intentional effort to cultivate an irreparable misidentification constitutes a violation of due process," and that Byrd and Spiers "secured the subsequent charges leading to Mr. Wallack's arrest without probable cause." *Id.* at 6.

      a.    <u>Plaintiff's Unlawful Search and Seizure Claims</u>

In this Circuit, there is no "freestanding, clearly established constitutional

right to be free from a reckless investigation" or "malicious prosecution."

*Hernandez v. Terrones,* No. 09-50659, 397 F. App'x 954, 966 (5th Cir. Oct. 20, 2011).[3] "[A] claim for harm derived from being seized focuses on the Fourth Amendment," and "a claim for harm derived from being wrongly detained/falsely imprisoned focuses on [the Due Process Clause of] the Fourteenth Amendment." *Felter v. Brown,* 5:11cv46-DCB-RHW, 2013 WL 5503720, *6 (S.D. Miss. Oct. 2, 2013)(citing *Baker v. McCollan,* 443 U.S. 137, 142 (1979)).

As for the alleged illegal search of Plaintiff's medical office, Plaintiff has not submitted any competent summary judgment evidence indicating that either Byrd or Spiers had any involvement in the issuance of the search warrant.  The evidence adduced by Byrd and Spiers demonstrates that a neutral intermediary, Jackson County, Mississippi, County Court Judge Sharon Sigalas, reviewed the Affidavit for Search Warrant from Agent Ted Gilbert of the Task Force and made an independent determination of probable cause for the issuance of a search warrant. *See* Search Warrant [37-3] at 2–7.  Generally, the intermediary's decision to issue a warrant breaks the causal chain and insulates the initiating party.  *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).  Plaintiff has adduced no competent summary judgment evidence that Byrd, Spiers, or anyone other than the affiant, Agent Gilbert, was responsible for the preparation or presentation of the warrant

---

[3]A panel of the United States Court of Appeals for the Fifth Circuit has also held that selective prosecution allegations based upon personal vindictiveness do not equate to allegation of a violation of a clearly established constitutional right.  *Hill v. City of Seven Points*, 31 F. App'x 835, 2002 WL 243261, at *14–*15 (5th Cir. 2002).

application to the judge. *See, e.g., Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005).

In Plaintiff's Response [42], he contends that Spiers was an active participant in the "obtainment of a search warrant based upon fabricated facts . . . ." Pl.'s Resp. [42] at 12. Plaintiff, however, has presented no competent summary judgment evidence supporting these conclusory allegations. Nor has Plaintiff explained which specific facts in the Affidavit for Search Warrant were purportedly fabricated. Conclusory allegations and assertions lacking evidentiary support are insufficient to show that Byrd or Spiers violated a clearly established constitutional right. *See, e.g., Michalik*, 422 F.3d at 262; *Mace v. City of Palestine*, 333 F.3d 621, 624 n.7 (5th Cir. 2003).

Nor can this Court conclude that "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, [such that] the shield of immunity [would] be lost." *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986). Further, Plaintiff has not asserted or supplied any evidence that anyone exceeded the scope of the search warrant or that the search warrant was executed unreasonably. Nor has Plaintiff presented any competent summary judgment evidence detailing which property was allegedly illegally seized after the Task Force's search of his medical office. Based upon the record before the Court, Plaintiff has not shown that an illegal search and seizure occurred. *See Grimes v.*

*Thompson*, 416 F. App'x 465, 466–67 (5th Cir. 2011).[4]

      b.    <u>Plaintiff's False Arrest Claim</u>

With respect to Plaintiff's arrest by the Biloxi Police Department on April 1, 2010, Byrd and Spiers have presented evidence that neither had any involvement. Aff. of Sheriff Mike Byrd [37-1] at ¶ 2; Aff. of Lt. Curtis Spiers [37-2] at ¶ 6. Plaintiff has not responded with competent summary judgment evidence demonstrating any involvement by either Defendant in Plaintiff's arrest. Plaintiff offers only a conclusory statement in his Response [42] that Byrd and Spiers "manipulat[ed] the reputation or picture of the suspect's Medical Practice as one of illegal drug activity to produce misidentification from an eye-witness . . . ." Pl.'s Resp. [42] at 15. Plaintiff cannot rely on conclusory allegations to overcome qualified immunity. *See, e.g., Michalik*, 422 F.3d at 262. Plaintiff does state in his Complaint [1] and Response [42] that on April 23, 2012, "Circuit Judge Lisa Dodson . . . completely dismiss[ed], with prejudice, the pretentious charges that were erroneously lodged against then Dr. Wallack by the Biloxi Police Department working in concert with the Jackson County officials . . . ." Compl. [1] at 6; Pl.'s Resp. [42] at 18. However, the Court has not been provided with a copy of this Order.

_____

[4]To the extent that Plaintiff is making a claim pursuant to the Takings Clause of the Fifth Amendment, which is made applicable to the states through the Fourteenth Amendment, this claim also fails. *See* U.S. Const. amend. V; *see also Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006). Plaintiff has not identified what property was allegedly taken without just compensation. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005) ("The paradigmatic taking requiring just compensation is a direct government appropriation or physical invasion of private property.").

Even if Plaintiff had supplied evidentiary support for his allegations, Plaintiff's claim that Byrd and Spiers falsely arrested him nevertheless fails.  "In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment."  *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007).  "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."  *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013) (emphasis omitted) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004)).  Based upon the summary judgment record in this case, Plaintiff has not shown that the Biloxi Police Department lacked probable cause to arrest him or that a false arrest occurred.  *See id.*  Byrd and Spiers are entitled to qualified immunity on Plaintiff's claims for false arrest.

Because Plaintiff has not met his burden of demonstrating that a violation of any constitutional right occurred with respect to his Fourth and Fourteenth Amendment claims, Byrd and Spiers are entitled to qualified immunity on these claims.  *See Wyatt*, 718 F.3d at 502–03.  Plaintiff's Fourth and Fourteenth Amendment claims against Byrd and Spiers in their individual capacities should be dismissed.[5]

---

[5]To the extent Plaintiff alleges violations of the Due Process Clause or equal protection component of the Fifth Amendment, these claims also fail.  "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."  *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *see also Hill*, 2002 WL 243261, at *13 n.4.  Plaintiff has not alleged that either Byrd or Spiers acted

4.    Plaintiff's Sixth Amendment Claim

Plaintiff charges that Defendants violated his "Sixth Amendment right to be free from unlawful prosecution and deprivation of liberty."  Compl. [1] at 12.  The Sixth Amendment provides that

> [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. Const. amend. VI.

The Court has already considered Plaintiff's "unlawful prosecution" and "deprivation of liberty" allegations under the Fourteenth Amendment.  It is unclear from the allegations in the Complaint [1] what Sixth Amendment right Byrd and Spiers allegedly violated.  Plaintiff does not address his Sixth Amendment claim in his Response [40].  Plaintiff has not carried his burden of demonstrating that Byrd and Spiers violated a clearly established constitutional right under the Sixth Amendment.

5.    Any Remaining Constitutional Claims

The contours of Plaintiff's remaining constitutional claims, if any, against Byrd and Spiers in their individual capacities are vague and inadequately briefed.  Plaintiff generally complains of Byrd's criminal indictment on State charges and of statements Byrd and Spiers allegedly made in the media about Plaintiff.  Pl.'s Resp.

_____

under any federal authority.

-15-

[42] at 13, 16–18.  Plaintiff does not explain how these alleged acts are relevant or support a specific constitutional claim.  Plaintiff's failure to sufficiently explain or support his claims or brief the law regarding them constitutes abandonment.  *Cinel v. Connick,* 15 F.3d 1338, 1345 (5th Cir. 1994).

To the extent that the Complaint can be read as asserting a claim under § 1983 against Byrd for failure to supervise or train Spiers, *see* Compl. [1] at 16, any such claim also fails.  Failure to supervise or train claims "fail without an underlying constitutional violation."  *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013).  Plaintiff has not shown that Spiers violated any of his constitutional rights.  Accordingly, summary judgment is appropriate on any § 1983 against Byrd for failure to supervise or train Spiers.  *See id.*[6]

While the Complaint is not clear, liberally construing Plaintiff's allegations suggests that Plaintiff may also be attempting to assert a conspiracy claim against Defendants under § 1985(3).

> To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege:  (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.  In so doing, the plaintiff must show that the conspiracy was motivated by a class-based animus.

---

[6]In the charge seeking supervisory liability, the Complaint makes a general allegation regarding "employees of the Jackson County Sheriff Department and the Narcotics Task Force of Jackson County, Mississippi."  Compl. [1] at 16.  However, Spiers is the only employee who is referenced by name, and all of the allegations center around Spiers' purported conduct.  *See id.*  Plaintiff has not specifically identified any other employees under Byrd's supervision who allegedly violated his constitutional rights.  Nor has Plaintiff presented evidence to establish any such violations.

*Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994) (citations omitted).  "The language [in § 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The Complaint asserts that Byrd and Spiers stated "falsehoods and out-right lies about him and the nature of his business" in order to "put him out of business."  Compl. [1] at 4.  Plaintiff has not alleged that Defendants discriminated against him based on racial or other class-based grounds.  Plaintiff has cited no authority, and the Court is aware of none, finding that physicians fall within a suspect or quasi-suspect class.[7]  Plaintiff's Complaint therefore fails to state a claim under 42 U.S.C. § 1985.  *See id.*  The Court concludes that Byrd and Spiers enjoy qualified immunity as to any federal constitutional claims Plaintiff may be asserting against them in their individual capacities under 42 U.S.C. § 1985(3).  *See Southard v. Texas Board of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997).

"Having failed to demonstrate a claim under § 1985, by definition [Plaintiff] cannot sustain a claim under § 1986."  *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing omitted).  Summary judgment is also appropriate as to any claim by Plaintiff against Byrd and Spiers in their individual capacities under

_____

[7]Being a physician and owning a pain management clinic are the only characteristics of Plaintiff identified in the Complaint.  Likewise, Plaintiff's Response [40] maintains that Byrd, Spiers, the Sheriff's Department, and the Task Force targeted Gulf Coast physicians practicing in pain management.  Pl.'s Resp. [40] at 5.

-17-

42 U.S.C. § 1986.

  6. <u>Plaintiff's State Law Claims Against Byrd and Spiers Individually</u>

  The Complaint asserts that Byrd and other Defendants, not including Spiers,

> were vested with the authority to hire, fire, retain, transfer and discipline employees of the Jackson County Sheriff [sic] Department and the Narcotics Task Force of Jackson County, Mississippi. On information and belief the Plaintiff avers that Lt. Curtis Spiers had been involved in several incidents of wrongdoing, use of excessive force and inappropriate tactics without any disciplinary response or corrective action. Thus he should never have been retained in this position nor his employment continued in such capacity . . . .

> Failure to properly train, employ and oversee the conduct of such employees as Lt. Curtis Spiers constituted a blatant failure of responsibility and dereliction of duty to the Jackson County Board of Supervisors, and the leadership of the Jackson County Sheriff [sic] Department and the Narcotics Task Force of Jackson County, Mississippi.

Compl. [1] at 16.

  A claim for negligent hiring, retention, and supervision is simply a negligence claim. *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (5th Cir. 2005). From the face of the Complaint [1] it is clear that Plaintiff's negligence claim is asserted against Byrd, and not Spiers. The claim centers around Byrd's purported negligence in hiring, retaining, and supervising Spiers. Even if Plaintiff had properly asserted such a claim against Spiers, as Plaintiff maintains in his Response [42], both Byrd and Spiers are entitled to summary judgment under the Mississippi Tort Claims Act, Mississippi Code §§ 11-46-1, *et seq.* ["MTCA"].

  The MTCA waives "the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental

entities and the torts of their employees while acting within the course and scope of their employment . . . ."  Miss. Code § 11-46-5.  However, section 11-46-7(2) provides that while

> [a]n employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, . . . no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

Miss. Code § 11-46-7(2).  Plaintiff's Response [42] contends that he "specifically alleges that the Defendants, Byrd and Spiers, were in individual and supervisory roles acting within and without the scope of their employment."  Resp. [42] at 24. However, the Complaint [1] clearly alleges that "at all times hereto" both Byrd and Spiers were "acting in the course and scope of [their] employment" as employees of Jackson County, Mississippi.  Compl. [1] at 8–9.  It is also clear from the record as a whole that there is no dispute that the purportedly negligent acts complained of in the Complaint occurred within the course and scope of Byrd's and Spiers' duties. Byrd and Spiers are consequently absolved from personal liability for any negligence under the MTCA.  Miss. Code § 11-46-7(2).  Dismissal of Plaintiff's state law claims against Byrd and Spiers is warranted.

C.    <u>Plaintiff's Request for Leave to Amend His Complaint</u>

Plaintiff asks the Court to deny the Motion for Summary Judgment, or alternatively, to grant him leave to amend his Complaint pursuant to Federal Rule of Civil procedure 15(a).  Pl.'s Resp. [42] at 25.  Byrd and Spiers oppose this request. Reply [45] at 14–15.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *Simmons v. Sabine River Auth.*, 732 F.3d 469, 478 (5th Cir. 2013) (quotation omitted).

In this case, Plaintiff makes a general, one-sentence statement requesting leave to amend.  Plaintiff does not detail in what respect he would amend his Complaint if afforded the opportunity to do so.  Nor does it appear, particularly at this stage of the proceedings, that any amendment to the Complaint would afford Plaintiff any relief as to his claims against Byrd and Spiers in their individual capacities.  Therefore, any proposed amendment as to Plaintiff's claims against Byrd and Spiers in their individual capacities would be futile.  Plaintiff's request to amend his Complaint will be denied.

## III. <u>CONCLUSION</u>

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Byrd and Spiers' Motion for Summary Judgment Based on Qualified Immunity [37] should be granted, and the Motion to Strike [44] filed by Jackson County, Byrd, and Spiers is moot.  Plaintiff's claims against Byrd and Spiers in their individual capacities will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Sheriff Mike Byrd and Lt. Curtis Spiers' Motion for Summary Judgment Based on Qualified Immunity [37] is **GRANTED**.  Byrd and Spiers are entitled to qualified immunity on Plaintiff's individual capacity claims against them, and all federal constitutional claims and state law claims against Sheriff Mike Byrd and Lt. Curtis Spiers in their individual capacities are dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants Jackson County, Mississippi, Sheriff Mike Byrd, and Lt. Curtis Spiers' Motion to Strike [44] is rendered **MOOT**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of May, 2014.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE